**E-FILED**
Monday, 21 July, 2008  02:13:14 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF ILLINOIS

## URBANA DIVISION

| | | |
|---|---|---|
| DEVIN WELCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 08-CV-2051 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

On February 25, 2008, Petitioner Devin Welch filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, along with a Memorandum of Law in Support (#1).  On April 3, 2008, the Government filed its Response (#4), and on June 17, 2008, Petitioner filed a Reply (#7).  For the reasons that follow, Petitioner's motion is DENIED in part and GRANTED in part.

BACKGROUND

On September 8, 2005, Petitioner was indicted on a charge of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. §922(g)(1).  On November 16, 2005, Petitioner pled guilty to the charge in the indictment. At sentencing, it was determined that Petitioner had four prior convictions that would qualify him as an Armed Career Criminal (ACC) under the provisions of 18 U.S.C. § 924(e)(1).  Petitioner had  prior convictions for attempted armed robbery (committed as a juvenile), aggravated fleeing, and two aggravated batteries, one of which stemmed from an incident where Petitioner spit on a hospital employee.  The court chose not to rely on the spitting conviction, holding that Petitioner still had the requisite three violent felony convictions necessary to qualify as an ACC.  Petitioner was sentenced by this court to 180 months imprisonment, the statutory mandatory minimum sentence.

ANALYSIS

Petitioner asserts several interwoven claims. First, Petitioner argues that this court improperly delegated authority to the Probation office with regards to the number and range of drug-tests to which Petitioner is to be subject during supervised release, and that defense counsel was ineffective in failing to raise this issue at sentencing. Next Petitioner argues that two of his prior offenses should not have been considered when calculating his sentence as an ACC, and that counsel was ineffective in failing to challenge the characterization of those offenses.  Finally, Petitioner contends that his appellate counsel was ineffective in failing to challenge on direct appeal the finding that he qualified as an ACC.

A § 2255 motion to vacate, set aside or correct a sentence is "neither a recapitulation of nor a substitute for a direct appeal."  Daniels v. United States, 26 F.3d 706, 711 (7th Cir. 1994), quoting Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992).  Constitutional errors not raised on direct appeal may not be raised in a § 2255 motion unless Petitioner can show cause for

2

failing to raise the issue on appeal and that Petitioner suffered prejudice as a result of the default, or else that "a fundamental miscarriage of justice" would result from failing to consider the claim. McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir 1996).

To establish ineffective assistance of counsel, Petitioner must demonstrate that his counsel's representation: (1) fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance prejudiced the Petitioner. McDowell v. Kingston, 497 F.3d 757, 761 (7th Cir. 2007) citing Strickland v. Washington, 466 U.S. 668, 690, 694 (1984).   In evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689, quoting Michel v. State of Louisiana, 350 U.S. 91, 101 (1955).  To establish the prejudice prong, Petitioner must show that there is a reasonable likelihood that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687.  Petitioner's claim fails if he fails to establish either the reasonableness or prejudice prong of the Strickland test.

Petitioner asserts that drug-testing requirements that were a condition of his release were improperly delegated to the probation office.  The government concedes that, according to the Seventh Circuit's holding in United States v. Bonanno, 146 F.3d 502, 511 (7th Cir. 1998), the responsibility for determining the number or range of drug tests to which a defendant must submit falls to the district court and cannot be delegated to the probation office.   The Government accordingly recommends, and this court agrees, that the proper remedy is to strike the word "testing" in the second sentence of Special Conditions of Supervision #2 and replace it with "not more than six tests per month."  This amendment clarifies that the Court has specifically ordered

3

the range of drug tests to which the Petitioner must submit, and renders Petitioner's drug-testing requirements identical to the language that the Probation office now recommends in all cases involving drug-testing as a condition of supervised release.  Petitioner's motion is granted, to the extent that his sentence, in this regard only, is vacated and an amended special condition is imposed that corrects for the improper delegation of authority to the probation office.

Petitioner next contends that he was improperly classified as an ACC, and that his lawyer was ineffective in failing to challenge this classification at sentencing.  To qualify as an ACC pursuant to 18 U.S.C. § 924(e)(1) (ACCA), a defendant must possess three prior convictions for a violent felony or a serious drug offense.  Because Petitioner was determined at sentencing to have three prior qualifying offenses, he was sentenced as an ACC.  At his sentencing hearing Petitioner objected, pro se, to the characterization of several of his prior convictions as predicate offenses under the ACCA, but the issue was not raised on direct appeal. Petitioner now challenges two of those three determinations.

At sentencing, the court determined that Petitioner's juvenile conviction for attempted armed robbery did qualify as a violent felony. Relying heavily on the Ninth Circuit's decision in United States v. Tighe, 266 F.3d 1187 (9th Cir. 2001), Petitioner contends that this conviction should not qualify him for classification as an ACC since it did not result from a jury trial, and that his lawyer was ineffective in failing to raise this claim at sentencing.   In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court held that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory minimum must be submitted to a jury, and proved beyond a reasonable doubt."   In Tighe, the Ninth Circuit held that the prior conviction exception in Apprendi did not cover juvenile adjudications, asserting that "the fundamental triumvirate of procedural protections," namely fair notice, reasonable doubt, and a

4

jury trial, must be in place before an adjudication can qualify for an <u>Apprendi</u> exception. <u>Tighe</u>, 266 F.3d at 1193-1194.

Since <u>Tighe</u>, every other Court of Appeals to consider the issue has rejected the Ninth Circuit's reasoning and concluded that juvenile adjudications can count as predicate offenses for ACCA purposes. <u>See</u> <u>United States v. Matthews,</u> 498 F.3d 25, 34-36 (1st Cir. 2007); <u>United States v. Crowell</u>, 493 F.3d 744, 750-751 (6th Cir. 2007); <u>United States v. Burge</u>, 407 F.3d 1183, 1190-91 (11th Cir. 2005); <u>United States v. Jones</u>, 332 F.3d 688, 696 (3rd Cir. 2003); <u>United States v. Smalley</u>, 294 F.3d 1030, 1033 (8th Cir. 2002).   Noting that there is no constitutional right to a jury trial in a juvenile court's adjudicative stage, the Third Circuit held that, "[a] prior nonjury juvenile adjudication that was afforded all constitutionally-required procedural safeguards can properly be characterized as a prior conviction for <u>Apprendi</u> purposes."  <u>Jones</u>, 332 F.3d at 696.

The Seventh Circuit has yet to make a determination on this issue, and this court does not feel that it is necessary to do so here.  Unlike the cases cited from other circuits, this is not a direct appeal, but a motion to vacate a sentence under § 2255, in which Petitioner's principal claim is ineffective assistance of counsel.[1]  An assessment of counsel's performance must rest on the state of the law when Petitioner was sentenced. <u>See</u> <u>Hardamon v. United States</u>, 319 F.3d 943, 948 (7th Cir. 2003). The Government is correct in asserting that, at the time of Petitioner's August 2006 sentencing, three circuits had already rejected the holding of <u>Tighe</u>, and reaffirmed the prior conviction exception to <u>Apprendi</u> for juvenile offenses.  Thus, it was not outside the range of reasonable professional behavior for Petitioner's counsel to choose not to challenge the

---

[1] Petitioner's has procedurally defaulted a consideration of the claim on the merits, having failed to raise the issue on direct appeal. Petitioner counters that he has cause for his failure to raise the issue on appeal, namely the ineffective assistance of his appellate counsel. This court rejects that claim, however.

characterization of Petitioner's juvenile conviction in light of the fact that the Ninth Circuit stood,

and still stands, alone among the circuits in refusing to recognize such crimes as predicate offenses.

        In addition, Petitioner cannot show prejudice based on counsel's failure to challenge the

status of his juvenile conviction at sentencing, since Petitioner himself raised these concerns, and

they were fully heard by the court.  The record shows that the court specifically indicated to

Petitioner that, while the issue was not resolved in his favor, he had successfully preserved the

issue of the constitutionality of his sentence, including the status of his prior juvenile offense, for

challenge on appeal.   Petitioner's claim of ineffective assistance of counsel on this point thus fails

both the prejudice and the reasonableness prong of the Strickland standard.

        Petitioner also challenges the determination that his Cook County conviction for

aggravated fleeing/eluding a police officer qualified as a violent felony for ACC purposes.  In

contrast to Petitioner's characterization of this type of charge as merely a serious traffic offense,

the Seventh Circuit held in United States v. Howze  343 F.3d 919, 921 (7th Cir 2003) that flights to

avoid arrest are categorically crimes of violence because they involve serious potential risk of

injury to another. Noting that flight to avoid apprehension may in fact present more risk of violence

than escape attempts, which are regarded as violent crimes for ACCA purposes, the Seventh

Circuit reasoned, "[b]ystanders are in particular jeopardy.  Collisions between fleeing vehicles and

pedestrians or others who get in the way are common." Howze, 343 F.3d at 921.  Thus, although

Petitioner is correct that the Seventh Circuit has not specifically determined that the crime as

defined in Illinois law qualifies as a violent felony for ACC purposes, the categorical language of

the holding in Howze, and the similarity between the Wisconsin statue at issue in that case and the

Illinois statue under which Petitioner was charged, lead to a determination that this court was

indeed correct in interpreting Petitioner's aggravated fleeing offense as a violent felony.[2]

With regards to Petitioner's claim of ineffective assistance of counsel, at the time of Petitioner's sentencing there was very little in the case law to suggest that an objection to the categorization of the aggravated fleeing charge as a violent felony was likely to succeed, given the holding in <u>Howze</u>,  Thus, it was not unreasonable for Petitioner's defense counsel to choose not to raise this issue at Petitioner's sentencing hearing.   Moreover, Petitioner cannot demonstrate the necessary prejudice based on counsel's failure to challenge the categorization of the fleeing offense as violent felony, since Petitioner himself raised this issue, and the sentencing court rejected it. Because he cannot demonstrate prejudice, Petitioner's claim of ineffective assistance of counsel fails.

Petitioner finally asserts that his appellate counsel was ineffective in failing to challenge the sentencing court's determination that his prior offenses qualified him as an ACC.   In a related claim, Petitioner argues that appellate's counsel's ineffective assistance provides the necessary cause to bar a procedural default of those claims.  Even if Petitioner can demonstrate cause for the procedural default, however, he cannot demonstrate prejudice.  Admittedly there is no controlling authority directly addressing the question of whether juvenile offenses in nonjury adjudications count as violent felonies under the ACCA, nor has the Seventh Circuit, to date, ruled that flight to avoid apprehension, under the Illinois statue, should qualify. However, the case law that does exist leans heavily towards the conclusion that this court was correct in finding that both offenses did qualify Petitioner for an enhanced sentence under the ACCA.   The case law is clear that an attorney's failure to anticipate changes in existing law does not rise to the level of constitutional

---

[2] Petitioner also appears to have procedurally defaulted this claim by not raising it in his direct appeal.  This court agrees with the government that, whether this issue is considered on the merits, or is construed as a claim of ineffective assistance of counsel, Petitioner's claim fails.

ineffectiveness.  See Lily v. Gilmore, 988 F.2d 783, 786 (7th Cir. 1993) (holding that the Sixth

Amendment does not require counsel to forecast changes or advances in the law).  Because

Petitioner has not demonstrated that a constitutional challenge to the district court's characterization

of his prior offenses as violent felonies was likely to succeed, he has not shown that he was

prejudiced by his appellate counsel's failure to raise the issue on appeal. Because there was no

prejudice, his claim of ineffective assistance of counsel fails.  Likewise, Petitioner's constitutional

challenge to the characterization of his prior offenses is procedurally defaulted because Petitioner

has not demonstrated that he suffered prejudice as a result of the default, nor has he shown that

failing to consider these issue on the merits would lead to a fundamental miscarriage of justice.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §

2255 (#1) is DENIED in part and GRANTED in part.

 (2) Petitioner's Motion (#1) is granted solely to the extent that his sentence is vacated

regarding the improper delegation to the probation office of the drug-testing requirements that were

a condition of his release. Accordingly, this court orders that the judgment entered in Case NO. 05-

CR-20038 is corrected so that the word "testing" in the second sentence of Special Conditions of

Supervision #2 is replaced with "not more than six tests per month."  Petitioner's (#1) motion is

denied in all other respects.

(3) This case is terminated.

ENTERED this _21st_ day of July, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

8